## Lyon *v.* Sanders.

Parties may by agreement submit a matter in dispute to the decision of a justice of the peace, and waive the right of appeal.

Error *to Dubuque District Court.*

*Opinion by* Greene, J.    A matter in dispute between Orson Lyon and E. E. Sanders was submitted by agreement, to the decision of a justice of the peace.   The agreement stipulated that the justice should enter his decision as a judgment in his docket, upon which execution should issue without any appeal or stay of execution.   A judgment was rendered in favor of Sanders for the sum of twenty-three dollars.   Lyon thereupon took an appeal to the district court, where Sanders moved to dismiss the appeal, on the ground that the defendant had waived his right to appeal by agreement in writing.   This motion was sustained.

It is now contended that the decision below is erroneous; that an agreement not to appeal is not binding; and that a party cannot waive an advantage given to him by law. The statute relied upon in support of this position provides that, "any person aggrieved by any judgment or decision of a justice of the peace may, in person or by his agent, make his appeal therefrom to the district court," &c.   Rev. Stat. 333, § 1.   Under this section it is clear that any person aggrieved may appeal from any decision of a justice; but it does not follow that a party cannot, by agreement, relinquish or abandon this right, either before or after the decision is made.   Because a party has a right to an appeal it does not, therefore, follow that he *must* appeal, or that he cannot waive the right.

In this case the parties mutually agreed to submit their cause to a certain justice, with the express stipulation in

writing that the decision should be final, and that neither party should appeal. The conditions and restrictions were mutual, and applied with equal force to both parties. Where parties thus fairly agree to waive all right to an appeal, why should not that agreement be enforced.

*Olive* v. *Gibson*, Morris 328, is cited as authority to reverse this decision. In that case a verbal agreement was made between the plaintiff and defendant on a trial before a justice of the peace, that the verdict should be final; it was held that the agreement might be the ground of an action, if broken, but could not be a bar to the suit already in court; that the contract could not be specifically enforced in a court at law. That case differs materially from the one at bar. This was not a mere verbal agreement, nor was it entered into on the trial of the cause, but it was a written agreement and constituted the chief condition upon which the trial was to be had before the justice. If the verbal agreement in *Clark* v. *Gibson* might be enforced *a fortiori*, should the written agreement in the present case—an agreement upon which the suit was to be commenced and regulated—be enforced agreeable to the intention and stipulation of the parties?

We think the court below was fully justified in granting the motion to dismiss the appeal.

Judgment affirmed.

*T. S.* and *D. S. Wilson*, for plaintiff in error.

*Hempstead & Burt*, for defendant.